**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**BRYSON CITY DIVISION**
**2:09 CR 20**


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **ANDREW TAB KILPATRICK,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |


THIS CAUSE coming on to be heard and being heard before the undersigned upon a violation report filed in the above entitled cause on October 27, 2011 by the United States Probation Office. In the violation report, the United States Probation Office alleges that the defendant had violated terms and conditions of his prehearing release. At the call of this matter on for hearing it appeared the defendant was present with his counsel, Richard E. Cassady, and the Government was present through Assistant United States Attorney, David Thorneloe. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the defendant, and the records in this cause, the court makes the following findings.

**Findings**: At the call of the matter, the defendant, by and through his attorney, admitted the allegations contained in the violation report (#47) that had been filed on October 27, 2011. The Government introduced, without objection, the violation report into evidence.

The defendant was arrested pursuant to a Petition (#37) filed on August 10, 2011 which alleged that defendant had violated terms and conditions of his supervised release. On August 31, 2011, the undersigned conducted a detention hearing and on that date issued an order releasing defendant on terms and conditions of pretrial release which included the following:

(8)(i)  That the defendant was to be placed in the custody of a custodian to be transported to Christian Love Ministries and then back to the United States District Court after he had completed his treatment for substance abuse at Christian Love Ministries. It was further directed in condition (8)(y) that the defendant was not to be a passenger in any vehicle on any state road or highway, unless in the custody of his custodian or unless directed by Christian Love Ministries.

A further condition was condition

(8)(o) To refrain from any use of alcohol.

On October 26, 2011, defendant left the treatment center at Christian Love Ministries located in Cherokee County, NC without permission. Defendant's whereabouts were unknown for a period of time by the treatment facility. Defendant later returned to the treatment facility and at that time he failed to comply with the drug testing procedures of Christian Love Ministries in that he attempted to switch

urine samples. At that time, defendant was terminated from treatment at Christian Love Ministries.

On October 26, 2011, defendant consumed alcohol. Upon being discharged from Christian Love Ministries, as set forth above, defendant was transported by his custodian to the custodian's residence. At that time, the custodian found that defendant was extremely intoxicated. Defendant reported to his custodian that he had consumed almost a pint of vodka on October 26, 2011.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer

-----

(1)     finds that there is----
          (A) probable cause to believe that the person has committed a
Federal, State, or local crime while on release; or
          (B) clear and convincing evidence that the person has violated any
 other condition of release; and
(2)     finds that ---
          (A) based on the factors set forth in section 3142(g) of this title, there
is no condition or combination of conditions of release that will assure that the
person will not flee or pose a danger to the safety of any other person or the
community; or
          (B) the person is unlikely to abide by any condition or combination
of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.

There has been shown by clear and convincing evidence that defendant has violated terms and conditions of his pretrial release. The defendant violated the terms and conditions which required him to participate in a program of inpatient substance abuse therapy and counseling at the Christian Love Ministries in that he left the treatment facility without permission on October 26, 2011 and when he returned he failed to comply with drug testing procedures at Christian Love Ministries. It has further been shown by clear and convincing evidence that defendant violated the condition of release which required that he refrain from any use of alcohol. Defendant's consumption of alcohol clearing violated this condition.

Due to the findings made above, it appears there is no condition or combination of conditions that would assure that the defendant will not pose a danger to the safety of any other person or the community. It is further the opinion of the undersigned that based upon the defendant's actions, it is unlikely the defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining the defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and terms and conditions of pretrial release (#44) entered in this matter are hereby **REVOKED** and it is **ORDERED** the defendant be detained pending further proceedings in this matter.

Signed: November 4, 2011

Dennis L. Howell
United States Magistrate Judge